UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

OMARNY WILLIAMS,

                                  Petitioner,        Case # 22-cv-6539-FPG

v.                                                                      DECISION AND ORDER

DHS/ICE/IMMIGRATION COURT,

                                  Respondent.
_____

Petitioner Omarny Williams brings this *pro se* habeas petition, which the Court interprets as being brought under 28 U.S.C. § 2241,[1] challenging his detention by Immigration and Customs Enforcement ("ICE") pursuant to 8 U.S.C. § 1226. Respondent has moved to dismiss the petition for lack of subject matter jurisdiction and failure to state a claim. ECF No. 4. Petitioner has not responded to Respondent's motion to dismiss and the time for doing so has expired. Nevertheless, the matter has been sufficiently briefed to decide the motion. For the reasons that follow, Petitioner's request for habeas relief is DISMISSED.

## BACKGROUND

Petitioner is an alien and was convicted of "robbery." Pursuant to his authority under 8 U.S.C. § 1226, the Attorney General has detained Petitioner at the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York pending a removal hearing. While in detention, Petitioner alleges that another detainee tested positive for COVID-19 in his housing unit. ECF No. 1 at 7. Further, he notes that he has been tested three times, but has not received any notification of his

---

[1] The Petition was filed under 28 U.S.C. § 2254, however, consistent with a prior order of this Court in this case, dated December 19, 2022, the Court has construed the petition as one brought pursuant to 28 U.S.C. § 2241. Order, *Omarny Williams v. DHS/ICE/IMMIGRATION COURT*, No. 22-CV-6539, at *1 (W.D.N.Y. Dec. 21, 2022); *see also Triestman v. Fed. Bur. Of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments they suggest).

test results. *Id.* Petitioner also notes that he has been in quarantine since October 26, 2022 and was still in quarantine as of the time of filing this Petition. *Id.*

## LEGAL STANDARD

"A court reviews a motion to dismiss a habeas petition according to the same principles as a motion to dismiss a civil complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)." *Hines v. United States*, No. 22-CV-1622, 2023 WL 2346540, at *2 (D. Conn. Mar. 3, 2023). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[A]lthough 'a court must accept as true all of the allegations contained in a complaint,' that tenet 'is inapplicable to legal conclusions,' and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

### I.   Petitioner's Detention

Petitioner is currently being detained pending removal proceedings pursuant to the Attorney General's authority under 8 U.S.C § 1226. Petitioner challenges his detention, alleging that ICE should instead release him with an order of supervision to report to 26 Federal Plaza. ECF

No. 1 at 5. Respondent argues that this Court lacks the jurisdiction to consider Petitioner's claims regarding the denial of release with an order of supervision. ECF No. 4-4 at 2. This Court agrees.

Federal courts are courts of limited jurisdiction and possess only that power "authorized by Article III of the Constitution and statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). The party asserting jurisdiction bears the burden of establishing that a court has jurisdiction over a particular claim. *Id.* When a movant challenges subject matter jurisdiction, a district court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Hadees v. Johnson*, 15–CV–1087, 2016 WL 5349789, at * 1 (N.D.N.Y. Sept. 23, 2016); *Abdi v. Duke*, 280 F. Supp. 3d 373, 382 (W.D.N.Y. 2017).

Section 1226(e) states that federal courts may not "set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). Consistent with this statutory language, the Supreme Court has repeatedly held that § 1226(e) precludes an alien from "challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release." *Demore v. Kim*, 538 U.S. 510, 516 (2003); *Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018). The statue does not, however, preclude "challenges [to] the statutory framework that permits [the alien's] detention without bail." *Demore*, 538 U.S. at 517.

Drawing all reasonable inferences in favor of Petitioner, his challenge is one that attacks a "discretionary judgment" or "decision" by the Attorney General. *Demore*, 538 U.S. at 516. The petition does not raise any constitutional challenges to the statutory framework permitting his detention, nor does it challenge the "procedures employed when evaluating [his] request." *Abdi*,

280 F. Supp. 3d at 382. Accordingly, this Court does not have jurisdiction to review ICE's decision to detain him, rather than release him with an order of supervision.

Petitioner's first claim regarding ICE's decision to detain him is therefore DISMISSED for lack of subject matter jurisdiction.

## II.     Conditions of Confinement

Petitioner next challenges the conditions of his confinement based on what he perceives to be an increased risk of contracting COVID-19 due to "poor health services" and "unsanitary conditions." ECF No. 1 at 8-10. Petitioner alleges that he has been in quarantine since October 26, 2022, and that when another detainee in his housing unit tested positive for COVID-19, his quarantine was extended. *Id.* at 7. Petitioner further alleges that when other detainees and staff have tested positive, the BFDF also tested him, but he has not received the results of his tests. *Id.* Petitioner does not allege that he has gotten sick. Petitioner claims that the BFDF has "medical delays" and "insufficient medical procedures." *Id.* at 8. Petitioner claims that the bathrooms are "unsanitized." Finally, he notes that when there was an outbreak in the kitchen, all of the kitchen workers were sent to quarantine. *Id.* at 10.

To state a claim for a substantive due process violation based on the conditions of confinement, a petitioner must allege that the complained-of conditions "amount to punishment." *Jones v. Wolf*, 467 F. Supp. 3d 74, 82 (W.D.N.Y. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). In order to sufficiently plead that a complained-of condition amounts to punishment, petitioners must allege one of the following: (a) the condition is imposed for the purpose of punishment as evidenced by an expressed intent to punish on the part of detention facility officials; (b) no "alternative purpose to which [the condition] may rationally be connected is assignable for it"; or (c) the condition is "excessive in relation to the alternative purpose assigned [to it]." See

*Bell*, 441 U.S. at 538. Petitioner does not state sufficient facts to plausibly allege that the complained-of conditions amount to punishment under any of the foregoing theories.

Under the first theory, Petitioner has not alleged that the BFDF or any official connected to it has expressed an intent to punish him by forcing him to comply with their COVID-19 testing and quarantine measures. His only complaint is regarding the conditions themselves and not the motivation of the BFDF officials. Petitioner would not be able to successfully make such an allegation since, as Respondent reminds the Court, the protocols in effect at BFDF are not intended to punish, but are instead intended to keep detainees safe in accordance with an order of the district court in *Jones*. ECF No. 4-4 at 6.

Petitioner does not allege that the complained-of conditions do not have a rational purpose. Even if Petitioner did pursue a complaint under the second theory, he would not succeed. There is no dispute that the government's interest in detaining noncitizens to "ensur[e] the appearance of aliens at future immigration proceedings" and to "prevent[ ] danger to the community" is a "special justification" that in many circumstances outweighs the individual's interest in avoiding restraint. See *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Petitioner has failed to demonstrate that any of the complained-of conditions are not rationally related to this legitimate goal.

As for the third theory, Petitioner does not plead sufficient facts to plausibly allege that his detention at the BFDF under current conditions during the COVID-19 pandemic is "excessive" in relation to the government's legitimate interests in keeping him detained. A civil detainee may establish that he is subject to "excessive" and, therefore unconstitutional, conditions of confinement by showing that "officers acted with deliberate indifference to the challenged conditions." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). That showing requires the detainee to satisfy two prongs: (1) an "objective prong showing that the challenged conditions were

sufficiently serious to constitute objective deprivations of the right to due process," and (2) a "subjective" or "*mens rea* prong . . . showing that the officer acted with at least deliberate indifference to the challenged conditions." *Id.*

With respect to the first prong, "to establish an objective deprivation, the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health, which includes the risk of serious damage to physical and mental soundness." *Id.* at 30. "There is no static test to determine whether a deprivation is sufficiently serious; instead, the conditions themselves must be evaluated in light of contemporary standards of decency." *Id.*

Respecting this prong, courts in this district have already determined that BFDF has implemented commendable measures that are likely to mitigate risk of exposure to COVID-19. *See e.g.*, *Jones*, 467 F. Supp. 3d at 90 (describing steps taken to protect health and safety of individuals detained at BFDF in March and April 2020). Specifically, BFDF has implemented the following Pandemic Response Requirements,

> detainees are provided with no-cost, unlimited access to supplies for hand cleansing, including soap or alcohol-based hand sanitizer; facilities must abide by CDC recommendations for cleaning and disinfection during a COVID-19 response; individuals are screened for COVID-19 prior to entering the facility; new detainees are tested for COVID-19 upon arrival at the facility; and individuals with suspected or confirmed cases of COVID-19 are placed in isolation to protect the general population.

ECF No. 4-4 at 6. Petitioner's allegations do nothing more than confirm that the BFDF continues to comply with its own pandemic response requirements. Petitioner complains of being placed in quarantine, but his quarantine was imposed after people near him tested positive for COVID-19. ECF No. 1 at 7. BFDF's decision to place Petitioner in quarantine is exactly the safety protocol that they would be expected to implement under the *Jones* ruling. *Jones*, 467 F. Supp. 3d at 90 (It is commendable that "[d]etainees with known exposure to a person with confirmed

COVID-19 but who are asymptomatic "are placed in a quarantine with restricted movement for" up to 14 days"). Petitioner also makes a subjective complaint about the cleanliness of the bathroom, but in order to show that conditions are excessive, Petitioner must make an objective showing of conditions that are "sufficiently serious." Respondent rebuts Petitioner's allegation regarding unsanitary bathrooms by stating "facilities must abide by CDC recommendations for cleaning and disinfection during a COVID-19 response." ECF No. 4-4 at 6. Even if the Court accepted Petitioner's allegation that the bathrooms at BFDF are unsanitary, that would not create a plausible basis for relief because the condition must be excessive. Unsanitary bathrooms are not excessive conditions where the Petitioner complains of a risk of exposure to COVID-19, an airborne disease.

Finally, Petitioner's claims regarding "medical delays" and "insufficient medical procedures" are unsupported and implausible. The facility has "a 24-hour medical unit that looks like an emergency room and pharmacy you would find in a private hospital. There are doctors, dentists, nurse practitioners and pharmacists on staff." ECF No. 4-4 at 7 (quoting Phil Fairbanks, The Buffalo News, *Even immigration lawyers praise prison in Batavia: No escapes, suicides or deaths*, January 9, 2018[2]).

Because Petitioner merely alleges facts that suggest that BFDF continues to comply with its COVID-19 safety protocols and does not provide any evidence to contradict the record regarding BFDF medical facilities, Petitioner has failed to make a showing that the conditions at BFDF "pose an unreasonable risk of serious damage to [Petitioner's] health." *Darnell*, 849 F.3d at 29. Accordingly, Petitioner has not pled sufficient facts to plausibly allege a substantive due process violation based on the conditions of his confinement.

## CONCLUSION

---

[2] Available on Westlaw at 2018 WLNR 770329.

For the foregoing reasons, Respondent's motion to dismiss, ECF No. 4, is GRANTED and Petitioner's petition is DISMISSED. The Clerk of the Court is directed to enter judgment and close this case.

IT IS SO ORDERED.
Dated: May 22, 2023
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York